# Supreme Court of Florida

———

No. SC22-1785

———

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE.**

March 16, 2023

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Appellate Procedure. *See* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b)(1). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

The Florida Bar's Appellate Court Rules Committee (Committee) filed a report proposing amendments to Florida Rules of Appellate Procedure 9.190 (Judicial Review of Administrative Action), 9.400 (Costs and Attorneys' Fees), and 9.440 (Attorneys). The Committee and the Board of Governors of The Florida Bar unanimously approved the proposed amendments. The Committee published the proposed amendments for comment prior to filing them with the Court, and no comments were received.

Having considered the proposed amendments, the Court hereby amends rules 9.190, 9.400, and 9.440 as proposed by the Committee. The more significant amendments are discussed below.

First, rule 9.190(d) (Attorneys' Fees) is amended by deleting stated requirements for the filing of motions for attorneys' fees in administrative appeals and seeking review of orders on such motions and replacing those requirements with a reference to the requirements articulated in rule 9.400. This change will streamline the ruleset and eliminate potential confusion.

Next, rule 9.400(b) (Attorneys' Fees) is amended to tie the deadline to file a motion for attorneys' fees in a discretionary review proceeding to the filing of the parties' jurisdictional briefs. As currently worded, rule 9.400(b) describes different filing deadlines depending on whether jurisdictional briefs were filed—a procedure rendered obsolete by recent changes to rule 9.120(d) (Briefs on Jurisdiction), which now states that jurisdictional briefs must be filed in all proceedings seeking discretionary review of a district court decision. *See In re Amends. to Fla. R. App. P. 9.120 & 9.210*, 307 So. 3d 626, 627 (Fla. 2020).

Finally, rule 9.440 is amended by revising subdivision (c) (Scope of Representation) to state that the form in rule 9.900(n) (Notice of Termination of Limited Appearance) is to be used for a notice of termination of limited appearance. This change will add clarity and remove an internal inconsistency, as the previous reference was to a notice of limited appearance. In addition, subdivision (d) (Withdrawal of Attorneys) is revised to conform with recent amendments to Florida Rule of General Practice and Judicial Administration 2.505 (Attorneys) that allow an attorney to withdraw without a court order if the substitution is by another attorney in the same firm or agency. *See In re Amends. to Fla. R. Jud. Admin.— 2020 Regular-Cycle Report*, 310 So. 3d 374, 377 (Fla. 2021).

Accordingly, we amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments to the rule shall become effective July 1, 2023, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, POLSTON, LABARGA, COURIEL, GROSSHANS, and FRANCIS, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Hon. Andrew D. Manko, Chair, Appellate Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

## Appendix

## RULE 9.190.   JUDICIAL REVIEW OF ADMINISTRATIVE ACTION

**(a)   Applicability.** Judicial review of administrative action ~~shall~~will be as in civil cases except as specifically modified by this rule.

**(b)   Commencement.**

(1)   An appeal from final agency action as defined in the Administrative Procedure Act, chapter 120, Florida Statutes, including immediate final orders entered ~~pursuant to~~under section 120.569(2)(n), Florida Statutes, or other administrative action for which judicial review is provided by general law ~~shall~~must be commenced in accordance with rule 9.110(c).

(2)   Review of nonfinal agency action under the Administrative Procedure Act, including nonfinal action by an administrative law judge, and agency orders entered ~~pursuant to~~under section 120.60(6), Florida Statutes, ~~shall~~must be commenced by filing a petition for review in accordance with rules 9.100(b) and (c).

(3)   Review of quasi-judicial decisions of any administrative body, agency, board, or commission not subject to the Administrative Procedure Act ~~shall~~must be commenced by filing a petition for certiorari in accordance with rules 9.100(b) and (c), unless judicial review by appeal is provided by general law.

**(c)   The Record.**

(1)   *Generally.* As further described in this rule, the record ~~shall~~must include only materials furnished to and reviewed by the lower tribunal in advance of the administrative action to be reviewed by the court.

(2)   *Review of Final Action ~~Pursuant to~~Under the Administrative Procedure Act.*

(A)     Proceedings Involving Disputed Issues of Material Fact. In an appeal from any proceeding ~~conducted pursuant to~~under sections 120.569 and 120.57(1), Florida Statutes, the record ~~shall~~will consist of all notices, pleadings, motions, and intermediate rulings; evidence admitted; those matters officially recognized; proffers of proof and objections and rulings thereon; proposed findings and exceptions; any decision, opinion, order, or report by the presiding officer; all staff memoranda or data submitted to the presiding officer during the hearing or ~~prior to~~before its disposition, after notice of submission to all parties, except communications by advisory staff as permitted under section 120.66(1), Florida Statutes, if such communications are public records; all matters placed on the record after an ex parte communication; and the official transcript.

(B)     Proceedings Not Involving Disputed Issues of Material Fact. In an appeal from any proceeding ~~pursuant to~~under sections 120.569 and 120.57(2), Florida Statutes, the record ~~shall~~will consist of the notice and summary of grounds; evidence received; all written statements submitted; any decisions overruling objections; all matters placed on the record after an ex parte communication; the official transcript; and any decision, opinion, order, or report by the presiding officer.

(C)     Declaratory Statements. In an appeal from any proceeding ~~pursuant to~~under section 120.565, Florida Statutes, the record ~~shall~~will consist of the petition seeking a declaratory statement and any pleadings filed with the agency; all notices relating to the petition published in the Florida Administrative Register; the declaratory statement issued by the agency or the agency's denial of the petition; and all matters listed in subdivision (c)(2)(A) or (c)(2)(B) of this rule, whichever is appropriate, if a hearing is held on the declaratory statement petition.

(D)     Summary Hearings. In an appeal from any proceeding ~~pursuant to~~under section 120.574, Florida Statutes, the record ~~shall~~will consist of all notices, pleadings, motions, and intermediate rulings; evidence received; a statement of matters officially recognized; proffers of proof and objections and rulings

thereon; matters placed on the record after an ex parte communication; the written decision of the administrative law judge presiding at the final hearing; and the official transcript of the final hearing.

(E)     Challenges to Rules.

(i)     In an appeal from any proceeding conducted ~~pursuant to~~under section 120.56, Florida Statutes, the record ~~shall~~will consist of all notices, pleadings, motions, and intermediate rulings; evidence admitted; those matters officially recognized; proffers of proof and objections and rulings thereon; proposed findings and exceptions; any decision, opinion, order, or report by the presiding officer; all staff memoranda or data submitted to the presiding officer during the hearing or ~~prior to~~before its disposition, after notice of submission to all parties, except communications by advisory staff as permitted under section 120.66(1), Florida Statutes, if such communications are public records; all matters placed on the record after an ex parte communication; and the official transcript.

(ii)     In an appeal from a rule adoption ~~pursuant to~~under sections 120.54 or 120.68(9), Florida Statutes, in which the sole issue presented by the petition is the constitutionality of a rule and there are no disputed issues of fact, the record ~~shall~~will consist only of those documents from the rulemaking record compiled by the agency that materially address the constitutional issue. The agency's rulemaking record consists of all notices given for the proposed rule; any statement of estimated regulatory costs for the rule; a written summary of hearings on the proposed rule; the written comments and responses to written comments as required by sections 120.54 and 120.541, Florida Statutes; all notices and findings made ~~pursuant to~~under section 120.54(4), Florida Statutes; all materials filed by the agency with the Administrative Procedures Committee ~~pursuant to~~under section 120.54(3), Florida Statutes; all materials filed with the Department of State ~~pursuant to~~under section 120.54(3), Florida Statutes; and all written inquiries from standing committees of the legislature concerning the rule.

(F)    Immediate Final Orders. In an appeal from an immediate final order entered ~~pursuant to~~under section 120.569(2)(n), Florida Statutes, the record ~~shall~~must be compiled in an appendix pursuant to rule 9.220 and served with the briefs.

(3)    [NO CHANGE]

(4)    *Review of Administrative Action Not Subject to the Administrative Procedure Act.* In proceedings seeking review of administrative action not governed by the Administrative Procedure Act, the clerk of the lower tribunal ~~shall~~is not ~~be~~ required to prepare a record or record index. The petitioner or the appellant ~~shall~~must submit an appendix in accordance with rule 9.220. Supplemental appendices may be submitted by any party. Appendices ~~may~~must not contain any matter not made part of the record in the lower tribunal.

(5)    *Videotaped Testimony.* In any circumstance in which hearing testimony is preserved through the use of videotape rather than through an official transcript, the testimony from the videotape ~~shall~~must be transcribed and the transcript ~~shall~~must be made a part of the record before the record is transmitted to the court.

(6)    [NO CHANGE]

**(d)    Attorneys' Fees.**

(1)    *Attorneys' Fees.* A motion for attorneys' fees ~~may be served not later than the time for service of the reply brief and shall state the grounds on which the recovery is sought, citing all pertinent statutes~~must be served under rule 9.400(b).

(2)    [NO CHANGE]

(3)    *Review.* Review of orders entered by the lower tribunal or the administrative law judge ~~under this rule shall be by motion filed in the court within 30 days of rendition of the order~~will be conducted under rule 9.400(c). Objections to reports of special

magistrates ~~shall~~must be filed with the court within 30 days after the special magistrate's report is filed with the court.

**(e)   Stays Pending Review.**

(1)   *Effect of Initiating Review.* The filing of a notice of administrative appeal or a petition seeking review of administrative action ~~shall~~will not operate as a stay, except that such filing ~~shall~~will give rise to an automatic stay ~~as provided in~~under rule 9.310(b)(2) or chapter 120, Florida Statutes, or when timely review is sought of an award by an administrative law judge on a claim for birth-related neurological injuries.

(2)   *Application for Stay Under the Administrative Procedure Act.*

(A)   A party seeking to stay administrative action may file a motion either with the lower tribunal or, for good cause shown, with the court in which the notice or petition has been filed. The filing of the motion ~~shall~~will not operate as a stay. The lower tribunal or court may grant a stay ~~up~~on appropriate terms. Review of orders entered by lower tribunals ~~shall~~will be by the court on motion.

(B)   [NO CHANGE]

(C)   When an agency has suspended or revoked a license other than on an emergency basis, a licensee may file with the court a motion for stay on an expedited basis. The agency may file a response within 10 days of the filing of the motion, or within a shorter time period set by the court. Unless the agency files a timely response demonstrating that a stay would constitute a probable danger to the health, safety, or welfare of the state, the court ~~shall~~must grant the motion and issue a stay.

(D)   When an order suspending or revoking a license has been stayed ~~pursuant to~~under subdivision (e)(2)(C), an agency may apply to the court for dissolution or modification of the stay on grounds that subsequently acquired information demonstrates that failure to dissolve or modify the stay would

constitute a probable danger to the public health, safety, or welfare of the state.

(3) *Application for Stay or Supersedeas of Other Administrative Action.* A party seeking to stay administrative action, not governed by the Administrative Procedure Act, ~~shall~~must file a motion in the lower tribunal, which ~~shall have~~has continuing jurisdiction, in its discretion, to grant, modify, or deny such relief. A stay pending review may be conditioned on the posting of a good and sufficient bond, other conditions, or both. Review of orders entered by lower tribunals ~~shall~~will be by the court on motion.

(4) *Duration.* A stay entered by a lower tribunal or a court ~~shall~~will remain in effect during the pendency of all review proceedings in Florida courts until a mandate issues, unless otherwise modified or vacated.

**Committee Notes**

**[NO CHANGE]**

## RULE 9.400.   COSTS AND ATTORNEYS' FEES

**(a)   Costs.** Costs ~~shall~~will be taxed in favor of the prevailing party unless the court orders otherwise. Taxable costs ~~shall~~ include:

(1) – (4)     [NO CHANGE]

Costs ~~shall~~will be taxed by the lower tribunal on a motion served no later than 45 days after rendition of the court's order. If an order is entered either staying the issuance of or recalling a mandate, the lower tribunal is prohibited from taking any further action on costs pending the issuance of a mandate or further order of the court.

**(b)   Attorneys' Fees.** With the exception of motions filed ~~pursuant to~~under rule 9.410(b), a motion for attorneys' fees ~~shall~~must state the grounds on which recovery is sought and ~~shall~~must be served not later than:

(1)    [NO CHANGE]

(2)    in original proceedings, the time for service of the petitioner's reply to the response to the petition; <u>or</u>

(3)    in discretionary review proceedings commenced under rule 9.030(a)(2)(A) ~~in which jurisdictional briefs are permitted~~, the time for serving the respondent's brief on jurisdiction, or if jurisdiction is accepted, the time for serving the reply brief~~; or~~

(4)    ~~in discretionary review proceedings in which jurisdiction is invoked under rule 9.030(a)(2)(A)(v), not later than 5 days after the filing of the notice, or if jurisdiction is accepted, the time for serving the reply brief~~.

The assessment of attorneys' fees may be remanded to the lower tribunal. If attorneys' fees are assessed by the court, the lower tribunal may enforce payment.

**(c)    Review.** Review of orders rendered by the lower tribunal under this rule ~~shall~~<u>will</u> be by motion filed in the court within 30 days of rendition.

**Committee Notes**

**[NO CHANGE]**

**RULE 9.440    ATTORNEYS**

**(a)    Foreign Attorneys.** An attorney who is an active member in good standing of the bar of another state may be permitted to appear in a proceeding ~~upon~~<u>in</u> compliance with Florida Rule of General Practice and Judicial Administration 2.510.

**(b)    Limiting Appearance.** An attorney of record for a party in an appeal or original proceeding governed by these rules ~~shall~~<u>will</u> be the attorney of record throughout the same appeal or original proceeding unless at the time of appearance the attorney files a notice specifically limiting the attorney's appearance only to a

particular matter or portion of the proceeding in which the attorney appears.

**(c)  Scope of Representation.** If an attorney appears for a particular limited matter or portion of a proceeding, as provided by this rule, that attorney ~~shall~~will be deemed "of record" for only that particular matter or portion of the proceeding. ~~The notice of limited appearance shall be substantially in the form prescribed by rule 9.900(n).~~ If the party designates e-mail address(es) for service on and by that party, the party's e-mail address(es) ~~shall~~must also be included. At the conclusion of such matter or that portion of the proceeding, the attorney's role terminates without the necessity of leave of court ~~up~~on the attorney filing a notice of completion of limited appearance. The notice~~, which shall be titled "Termination of Limited Appearance," shall~~ of termination of limited appearance must be substantially in the form prescribed by rule 9.900(n) and must include the names and last known addresses of the person(s) represented by the withdrawing attorney.

**(d)  Withdrawal of Attorneys; Substitution of Attorneys.**

(1)  ~~Unless~~If an attorney complies with subdivisions (b) and (c) of this rule, the attorney may withdraw without leave of court.

(2)  If an attorney from the same firm, company, or governmental agency has already appeared on behalf of the client or is the proposed substitute counsel, withdrawal and substitution may be completed by filing a notice under the Florida Rules of General Practice and Judicial Administration. A copy of the notice must be served on the client and adverse parties.

(3)  All other attorneys must first seek leave of court ~~an attorney shall not be permitted~~ to withdraw ~~unless the withdrawal is approved by the court~~. The attorney ~~shall~~must file a motion for that purpose stating the reasons for withdrawal and the client's address. A copy of the motion ~~shall~~must be served on the client and adverse parties.

**Committee Notes**

**[NO CHANGE]**